Johnson, J.
It may be questioned, I think, in a case like this, where the. defendant’s liability depends entirely upon the fact of his indebtedness to a third person, and that is the issue, whether it is necessary for the judge who tries the cause to state in his decision the finding of any fact other than the existence of the indebtedness. That, in such a case, is the fact, from which the legal conclusion of the defendant’s liability to the plaintiff flows. In ordinary actions between debtor and creditor, the question of the indebtedness of the defendant to the plaintiff is rather a question of law, depending upon antecedently established facts, than a question of fact. In such.a case the conclusion of the indebtedness embraces the entire issue of fact and of law. Not so here. When the fact of the indebtedness is found, the question of law arises whether, by reason thereof, the defendant is liable to the plaintiff. This was evidently the view of the learned judge who tried the cause, and I am inclined to the opinion that he was quite correct.
*670 But if we were to. hold that what the judge' has designated as a fact found, was in reality but a conclusion of law, and that his decision contained no finding of facts, I do not see how that is to aid the appellant. That is no ground for the reversal of a judgment, unless, perhaps, in a case where there was no evidence upon which any fact could have been found to justify the legal conclusion and the judgment. The appeal alone does not bring up the •question whether all the material facts necessary to sustain the legal conclusion are contained in the finding of the judge. Viele v. Troy & Boston Railroad Company (20 N. Y. R. 184), was a case where there was no statement oi any finding of facts, and this court held that nothing was to be presumed against the correctness of the judge’s deci sion from that circumstance, but that the party obtaining the judgment in such a case was entitled to that inference, from the facts proved, which was most favorable to him. It is not in itself a defect which affects the' validity of the judgment. If the appellant wished to have a finding of the controverted facts, between the defendants, Coe and Naylor, stated in the decision of the judge, hjs course* obviously was to apply to the court or judge to have the facts found in respect to those questions stated in the deci sion. He might have applied to have the findings, as he now insists they ought to have been, inserted and stated, as the findings of fact, if there was no statement of the facts found, or that the facts which were found should be stated in the decision. He can not lie by, and avail himself of the mere omission to make a statement of all the facts which he may regard as necessary or material on. appeal. The presumption is that the judge found all the facts which are necessary to sustain the conclusion of the existence of the indebtedness, whether that conclusion is to be regarded as one of fact or of law. And upon referring to the opinion of the judge who tried the cause, at general term, we see that he found a state of facts, from *671 the evidence, which would abundantly sustain the conclusion of indebtedness. It can not be pretended that the case is entirely destitute of evidence tending to prove those facts. This court will not look into' the evidence, beyond that, to see what, in their opinion, the findings of fact ought to have been. The judgment is. therefore, right, and must be affirmed.
Davies, J.
This action was originally a proceeding instituted under the mechanics’ lien law relating to the city of New York, entitled “An act for the better security of mechanics and others erecting buildings and providing materials therefor, in the city and county of New York,.” passed July 11th, 1851. . Issue being joined pursuant to the provisions of the act, an action was thereupon pending, and the same came on to be tried before one of the judges of the New York common pleas, without-a jury. That issue was whether there was anything due to the contractor or builder, to whom the plaintiffs had furnished materials, from the defendant, the owner of the premises upon which the building was erected, and with whom the contract'was made, at the time the plaintiffs interposed their claim and filed their lien. The judge who tried the cause found,- as matter of fact, that on the 24th of September, 1857, the day the lien in this case was filed, there was due from the defendant, Coe, to the defendant, Naylor; (the contractor,) a larger sum than the plaintiffs demand in this case; and as a conclusion of law he also found that there was due to the said plaintiffs the sum of $1,737.53, with interest from August 20th, 1857, for which sum the plaintiffs had a lien on said premises. This conclusion of law was undoubtedly correct, upon the facts found by the court. The judgment having been affirmed at the general term, this court has no power to review the finding upon this question of fact. We are to assume it was authorized by the evidence, and as there is no. point made that any evidence was impro *672 perly admitted or rejected, no question of law is presented for our consideration.. We can not examine the evidence for the purpose of determining whether it warranted the ■ finding of facts made by the court.
The judgment must be affirmed, with costs.
All the judges concurring, judgment affirmed.